The State v. Fitzgerald.

## THE STATE v. FITZGERALD.

1. **Criminal Law**: SEDUCTION: INDICTMENT HELD SUFFICIENT. Mere unlawful sexual commerce, for a consideration paid, is not seduction. There must be some artifice or false promise by which the virtuous female is induced to surrender her person to the accused; and the indictment in this case (see opinion) *held* to allege facts sufficient to constitute the crime, and to be good, also, against the charge of duplicity.

2. **Criminal Procedure**: RIGHT TO CHALLENGE GRAND JURY. A defendant is not entitled to have an indictment against him set aside on the ground that he was not brought before the court and given an opportunity to challenge the grand jury, where it appears that he was under arrest at the time upon process issued by a justice of the peace, and that the district court had no jurisdiction over him to bring him before it upon the impaneling of the grand jury.

3. **Escape from Jail**: WHAT CONSTITUTES: CONSIDERATION OF BY JURY. Where, shortly after defendant was placed in jail, a hole was made in the wall by some one, and the defendant at the same time left the jail without leave, and remained at liberty for a long time, he may properly be said to have escaped from the jail; and the court properly instructed the jury that they might consider this escape as a fact in the case.

4. **Criminal Evidence**: TESTIMONY OF PROSECUTING WITNESS ON PRELIMINARY EXAMINATION: REPRODUCTION OF SAME, AFTER HIS DEATH, UPON THE TRIAL. Where the prosecuting witness in a criminal case has testified upon the preliminary examination, and has afterwards died, his testimony may be reproduced upon the final trial by one who heard

it, and is able to give *the substance of all of it;* and to allow his testimony to be thus reproduced is no violation of section 10, article I, of the constitution, which provides that in all criminal prosecutions the accused shall have a right "to be confronted with the witnesses against him." See authorities cited in opinion.

5. **Seduction:** EVIDENCE: CORROBORATION OF PROSECUTRIX. Defendant's confession that he was guilty of sexual intercourse with the prosecutrix, taken with other evidence referred to in the opinion, *held* to be ample to corroborate the testimony of the prosecutrix, under section 4560 of the Code.

*Appeal from Mahaska District Court.*

TUESDAY, APRIL 22.

THE defendant was indicted, tried and convicted for the crime of seduction, and he appeals.

*John F. Lacy,* for appellant.

*Smith McPherson, Attorney-general,* for the State.

ROTHROCK, CH. J.—I. The indictment charges that the defendant "did seduce and debauch one Nellie Ferree, then

1. CRIMINAL law : seduction : indictment held sufficient.
and there being an unmarried woman of previous chaste character; that said seduction and debauching of said Nelle Ferree was then and there accomplished by said defendant by means of false artifices, promises and arts; that said defendant then and there promised to give said Nellie Ferree presents if she would allow him to have sexual intercourse with her; that said defendant told said Nellie Ferree that there would be no harm in her having sexual intercourse with him, and that the same was not wrong, and would not hurt or injure; that said Nellie Ferree, being overcome by said false promises and said false statements, and by reason thereof, yielded to said defendant, and allowed him then and there to have sexual intercourse with her, by means of which she became pregnant with child."

The defendant demurred to the indictment upon the ground that the facts charged did not constitute seduction, and that it

charged two offenses. The demurrer was properly overruled. There is no legal standard by which to determine what false promises, artifices and deception are sufficient to constitute the crime of seduction. Of course, mere unlawful commerce for a consideration paid is not seduction. There must be some artifice or false promise by which the virtuous female is induced to surrender her person to the accused. What would be sufficient to overpower the mind of one woman would be insufficient to lead away another of more mature mind and discretion. In this case, the defendant was a married man of the age of about fifty years, and Nellie Ferree at the time of the alleged seduction was about twelve years old. She gave birth to a child in September, 1876, when she was about thirteen years of age.

II. The defendant moved to set aside the indictment because he was under arrest and imprisonment at the time the 2. CRIMINAL procedure: right to challenge grand jury. grand jury was impaneled, and he was not brought before the court, nor given an opportunity to challenge the grand jury. The motion was overruled. This ruling was correct. It appears that the defendant was under arrest by some process issued by a justice of the peace. But it does not appear that, at the time the grand jury was impaneled, he had been held to answer upon a preliminary examination. The court, therefore, had no jurisdiction over him to bring him before it upon the impaneling of the grand jury.

III. The defendant was indicted in April, 1876, and was not tried until December, 1882. After his indictment, he 3. ESCAPE from jail; what constitutes: consideration of by jury. was confined in the jail of Mahaska county for a time, when, as the evidence shows, a hole was made in the wall of the jail by some one, and defendant was at liberty from that time until a short time before his trial. This is about all that the evidence shows as to an escape by defendant. It is claimed that this constituted no evidence of an escape, such as to authorize an instruction by the court to the jury, that they might consider

the escape as a fact in the case. We think otherwise. It is not claimed that the defendant was released from the jail, and it is a fair inference from the facts proved that he escaped therefrom.

IV. The defendant was arrested for the crime, and taken before a justice of the peace for a preliminary examination.

4. CRIMINAL evidence: testimony of prosecuting witness on preliminary examination: reproduction of same, after her death, upon the trial. Nellie Ferree was sworn as a witness upon the examination, and her testimony was taken. The defendant was given an opportunity to cross-examine her, but he did not do so. After the indictment was found, Nellie Ferree died. The state introduced a witness upon the trial, who was present at the preliminary examination, being the same person who filed the information before the justice, and, against the defendant's objection, the witness was allowed to detail the testimony given by Nellie Ferree upon the preliminary examination.

It is claimed that the witness was not qualified to give the testimony, because it did not appear that he claimed that he could remember and state all that the deceased witness testified to. It is true that the witness did not at all times answer in an entirely consistent manner the multitude of questions asked him as to his ability to give all of the testimony, but an examination of the record satisfies us that he did claim that he was able to give the substance of all of it. And to be able to give the substance of all that was sworn to by the deceased witness is all that is required. Greenl. on Evidence, Sec. 165; *Harrison v. Charlton*, 42 Iowa, 573; *Fell v. B., C. R. & M. R. Co.*, 43 Id., 177.

It is further claimed that the evidence was incompetent under section 10 of article I of the constitution, which provides that in all criminal prosecutions the accused shall have a right "to be confronted with the witness against him."

This constitutional provision is common to most if not all of the states of the Union, and it has been quite uniformly held that it is not violated by the admission of testimony in

a criminal case to prove what a deceased witness testified to at the preliminary examination of the accused before a justice of the peace, or other examining magistrate. *Com. v. Richards*, 18 Pick., 434; *Sullivan v. State*, 6 Tex. App., 319; *State v. Hooker*, 17 Vermont, 658; *Kean v. Com.*, 10 Bush, 190; *Walston v. Com.*, 16 B. Monroe, 15; *Marler v. State*, 67 Ala., 55; *Roberts v. State*, 68 Id., 515; *Brown v. Com.*, 73 Pa. St., 321.

These, and other authorities that might be cited, hold that in such case the accused does meet the witnesses against him face to face; that, by the death of a witness, what he gave as his testimony upon the preliminary examination becomes evidence in the case, and may be proved in the same manner as the testimony of a deceased witness in a civil case; that it is no more a violation of the constitution than it is to allow proofs of dying declarations, which are everywhere admitted as evidence in cases of homicide. We are fully satisfied that these authorities announce a correct rule, and we do not deem it necessary to further elaborate the question. It is proper to state, however, before leaving this branch of the case, that counsel for appellant cite us to the case of *State v. Collins*, 32 Iowa, 36, where it is held that in a criminal trial it is not competent for the state to introduce the minutes of the testimony of a witness taken down by the magistrate in the preliminary examination before him, as original evidence against the defendant. In that case the witness whose evidence was sought to be reproduced was present at the trial, and was examined as a witness, and the question now under consideration was not considered nor passed upon by the court.

V. It is claimed that the testimony of Nellie Ferree is not sufficiently corroborated to meet the requirements of section 4560 of the Code. A careful reading of the evidence in the case satisfies us that the corroboration is ample and sufficient. It consists of a confession by the defendant, made to two witnesses, that he was guilty of sexual intercourse with the child, that he was sorry

5. SEDUCTION: evidence: corroboration of prosecutrix.

for it, and would do all in his power to make amends for his crime; his frequent visits to her home, and at times in the absense of her parents; his habit of caressing her and calling her endearing names; his escape from the jail, and other cir-cumstances;—presenting and array of corroborating facts rarely found in cases of this character.

We have examined this whole record with care, and reach the conclusion that the rulings of the court were correct, and that the judgment is just.

AFFIRMED.