## THE STATE OF KANSAS v. C. W. OLIVER.

1. INFORMATION — *Amendment — Refiling — Immaterial Defect.* Where an information charging an offense as being committed on the day after it is filed is afterward amended, by leave of the court, again verified, and refiled on a day subsequent to that on which the offense is alleged to have been committed, the defect in stating the date of the offense becomes immaterial.

2. RAILROAD-TRACK—*Displacement of Rails —Sufficient Information.* An information charging the removal and displacement of rails on a railroad-track, under § 103 of the act regulating crimes and punishments, which states the offense substantially in the language of the statute, and charges the act to have been done with intent to injure the company and to kill and wound its passengers and employees, is sufficient.

3. STATEMENTS OF DEFENDANT, *as Evidence.* The statements of a defendant made on the witness-stand at a former trial are admissible against him, and their falsity may be shown by other witnesses, and though it is competent for him to show that his former testimony was different from that stated by the plaintiff's witnesses, he cannot use such former testimony for any other purpose than to show what he did, in fact, then testify.

*Appeal from Reno District Court.*

C. W. OLIVER was convicted of train-wrecking, and sentenced to imprisonment in the state penitentiary for four years. He appeals. The facts appear in the opinion, filed October 5, 1895.

*Davidson & Williams*, for appellant.

*F. B. Dawes*, attorney general, and *L. M. Fall*, county attorney, for The State.

The opinion of the court was delivered by

ALLEN, J.: The information, omitting the formal parts, is as follows:

"That on the 20th day of September, 1894, in said county of Reno and state of Kansas, one C. W. Oliver did then and there unlawfully, feloniously and willfully remove, displace and injure certain rails on the track of the Atchison, Topeka & Santa Fe Railroad Company, and then and there being operated by said Santa Fe railroad company, a corporation duly organized under and by virtue of the laws of the state of Kansas, through and by its receivers, by removing from fish-plates and drawing spikes from both sides of rails, and prying rails out of line, with the intent and for the purpose of derailing and wrecking the trains of said railroad company and injuring it, and for the purpose of and with the intent to kill and wound its passengers and employees."

The information in this form was filed on the 19th of September, 1894. Afterward, by leave of the court, it was amended by inserting the word "bolts," between the words "removing" and "from." It was then reverified and refiled on the 4th day of January, 1895. A motion to quash the information was made before the amendment, and renewed afterward, on the ground that it did not state facts sufficient to constitute an offense under the laws of the state. It will be noticed that the offense is alleged to have been committed on the 20th day of September, 1894, while the original information was filed on the 19th day of the same month. It is urged that the charge as originally made, was an impossibility, because the offense was alleged

as committed in the future. Authorities are cited to sustain the proposition that such a charge is bad, and that a conviction under it cannot be upheld. On the other hand, it is said that the date alleged is clearly a mere clerical error which may be disregarded.

We do not think that the record presents the question fairly. The defendant was tried on the amended information. That amended information was filed in January, 1895, long after the day on which the offense is alleged to have been committed. It is urged that this refiling was without the consent of the court, but we think permission to amend the information carried with it necessarily permission to file it. It was necessary that the information as amended should be verified, and the practice of refiling after amendment and verification seems to be a proper one.

Further objections are made to the form of the information, because it charges that the offense was committed with the intent to injure the company and its passengers and employees, while the section of the statute under which the information was drawn defines an offense against property only; that the information charges the removal and displacement of rails "on" the track, when the statute says it must be "of" a railroad; and that the information is deficient in failing to state the kind of rail that was displaced and the material of which it was made. The information charges the offense substantially in the language of the statute, and while the word "on" may be open to criticism and is not the most apt that could be chosen, the information very clearly charges the displacement of a rail which formed a part of the track used by the railroad company, and the material of which that rail is made is unimportant, for the statute includes " any iron, wooden or other rail."

We perceive no objection to the averment that the act was done with intent to injure the company, and to kill and wound its passengers and employees. These would be the natural and probable consequences of the act charged, and the purpose of the statute is not merely to protect the property of the company, but the lives and limbs of employees and passengers traveling on the road. The information fairly apprised the defendant of the specific charge made against him, and there is nothing substantial in the criticisms made on its form.

Error is claimed in permitting the witness, Moore, to state what the testimony of the defendant was on the former trial of the case, and then contradicting these statements by other witnesses. It is conceded that admissions made by the defendant might be used against him, but it is claimed that the purpose of this evidence was to show that the defendant had sworn falsely on the former trial; that for the purpose of obtaining an acquittal on that trial he had concocted and testified to a story which was untrue. It is always competent to show the statements and claims made by a person charged with crime with reference thereto, and to show that such statements are false. The fact that a defendant in a criminal case resorts to falsehood is a circumstance which may, in connection with other facts in the case, tend to prove guilt.

The tenth instruction with reference to the defense of an *alibi* is substantially the same as that given in the case of *The State v. Price*, ante, p. 610, which was held good by this court; same case, 40 Pac. Rep. 1001.

The defendant offered in evidence a transcript of his testimony taken on the former trial. The court instructed the jury that this evidence was admitted and to be considered only for the purpose of impeaching

or rebutting the evidence of the witness who undertook to detail his evidence at a former trial. This instruction was proper. The defendant had a right to show just what his former testimony was, and to correct any misstatements made by the plaintiff's witnesses ; but the statements made by him at the former trial were not competent evidence in his behalf for other purposes. If he desired to testify on this trial, he had a right to do so, but he could not make testimony for himself by the introduction of statements made at another time, whether under oath or not.

The judgment is affirmed.

All the Justices concurring