STATE OF IOWA v. DAVID KIMES, Appellant.

**Criminal law:** PROOF OF TESTIMONY ON FORMER TRIAL. The evidence
1 of defendant on a former trial may be proven by the testimony
of witnesses who heard it as well as by a certified transcript.

**Same:** EFFECT OF SUCH EVIDENCE. Proof of defendant's ·testimony
2 on a former trial does not deprive him of his statutory right
to refrain from being a witness on his retrial if he so elects;
but such evidence is competent on the same ground that any
other statement or declaration made in his own interest may
be proven against him.

**Same:** EVIDENCE OF WITNESS SINCE DECEASED. ·The testimony of a
3 deceased witness taken on a former trial may be read from a
transcript on defendant's second trial, without violating the accused's constitutional right to be confronted with the witnesses
against him; as he has once had full opportunity for cross-examination, impeachment and contradiction.

**Evidence:** INCRIMINATING FACTS. The fact that defendant suborned
4 witnesses to give false testimony on his first trial may be shown
against him on his retrial, as a circumstance indicative of his
guilt.

**Same:** INSTRUCTION. The fact that a defendant knowingly procured false testimony concerning a material fact in his case is a circumstance which may be considered in connection with the other facts in determining his guilt or innocence, and should be given such consideration and weight by the jury as they deem it entitled to.

**Instructions.** It is not reversible error to refuse an instruction concerning a matter that is fully covered by the one given by the court, to which no objection is made.

**Larceny:** RECENTLY STOLEN PROPERTY. An instruction that possession of recently stolen property is presumptive evidence that the possessor stole the same, unless the facts satisfactorily explain such possession and show it to have been obtained otherwise than by the larceny, or raise a reasonable doubt as to defendant's wrongful possession, is not objectionable as placing the burden on defendant to show that his recent possession did not arise from the larceny.

**Evidence:** CHARACTER OF ACCUSED. While it is the rule that in rebuttal of defendant's evidence of his good moral character the state may not show particular transactions, still on cross-examination of a witness who has testified to defendant's good character the state may inquire into rumors or reports of his bad character with reference to particular transactions.

**Argument of counsel.** Where an accused's evidence on a former trial is introduced and is before the jury on a retrial it is proper for the county attorney to refer to the same in argument.

**Same:** MISCONDUCT. It is proper for a prosecuting attorney to call attention to the fact that certain evidence is uncontroverted, although the only natural and obvious means of controverting the same would be for the defendant as a witness to deny its truth, without violating the statutory provision forbidding the state's attorney from calling attention to the fact that the defendant failed to testify in his own behalf.

**Same:** REVIEW: WAIVER. Where a new trial is not asked in the lower court because of an improper reference to the fact that defendant did not testify in his own behalf, a reversal on appeal will not be ordered on that ground; as by failure to raise the question at the proper time the objection is waived.

**Same:** NEW TRIAL. Objection that counsel in argument improperly referred to the fact that defendant did not testify in his own behalf must be clearly pointed out to require the granting of a new trial on that ground.

*Appeal from Linn District Court.*—HON. F. O. ELLISON,
Judge.

:WEDNESDAY, JULY 5, 1911.

THE defendant appeals from a conviction for larceny.
—*Affirmed.*

*Tom H. Milner,* for appellant.

*George Cosson,* Attorney-General, and *Henry E. Sampson,* Special Counsel, for the State.

McCLAIN, J.—On a previous trial under the same indictment the defendant was found guilty of the offense charged, but on appeal to this court the conviction was reversed for error· in instructions given. *State v. Kimes,* 145 Iowa, 346. On that appeal it was held that the evidence was sufficient to sustain a verdict, and, as the evidence for the state on this trial was substantially the same as on the former trial, we need not enter upon a further discussion of its sufficiency. Indeed, it is not now seriously contended for the defendant that the verdict should have been set aside for want of sufficient evidence. The nature of the alleged offense sufficiently appears from the statement and opinion on the former appeal. It is enough now to say that the property alleged to have been stolen by the defendant was a set of double harness, and that the principal portion of the evidence of his guilt related to his being found in possession of the harness after it was stolen without reasonable explanation of such possession consistent with his innocence. The alleged errors now necessary to be considered are those relating to the admissibility of evidence and the correctness of the instructions given to the jury.

I. Witnesses for the state were allowed over defend-

ant's objection to testify from recollection what the defendant's testimony was on the former trial. It is now contended

1. CRIMINAL LAW: proof of testimony on former trial.

that, as a transcript of defendant's evidence on the former trial was preserved and was in the possession of the counsel for the state, the testimony of witnesses speaking from recollection as to such evidence on the former trial was not admissible. We think this contention is without merit. Notwithstanding the provision for proving the evidence of a witness on a former trial by the introduction of a certified transcript of such evidence (Code Supp. 1907, section 245-a), it is still competent as before to prove the fact by the testimony of witnesses who heard the evidence when given. *State v. Dean,* 148 Iowa, 566.

II. The further contention that such proof deprived defendant of his statutory right not to be a witness in a criminal prosecution save at his own election (Code, section

2. SAME: effect of such evidence.

5484) is equally without merit. The fact that he elected on the present trial not to become a witness did not deprive the state of the right to prove as against him statements made in his testimony on a former trial. Such statements thus proven would not constitute testimony of the defendant on this trial, but were admissible against him on the same ground as that on which any other statements or declarations made in his own interest might be proven against him. *State v. Johnson,* 72 Iowa, 393; *State v. Carroll,* 85 Iowa, 1; *State v. Van Tassel,* 103 Iowa, 6; *People v. Arnold,* 43 Mich. 303 (5 N. W. 385, 38 Am. St. Rep. 182); *State v. Oliver,* 55 Kan. 711 (41 Pac. 954); *State v. Simmons,* 78 Kan. 852 (98 Pac. 277).

III. On the former trial one Kubias testified against the defendant, and on the present trial, it being shown that said witness was deceased, the transcript of his testimony was allowed over defendant's objection to be read to the jury. The point now made for defendant is that the ad-

mission of this evidence was in violation of defendant's con-
stitutional right to be confronted with the
witnesses against him. This claim is fully
met by the holding of this court in *State v.*
*Fitzgerald,* 63 Iowa, 268, that in a criminal case the testi-
mony of a witness since deceased given against the defend-
ant on a preliminary examination might be proven notwith-
standing the constitutional provision. In that case it was
held that the constitutional requirement was sufficiently
met if the accused had on such preliminary examination
been confronted with the witness, having the opportunity
then to cross-examine, and the admissibility of the tes-
timony of the deceased witness is placed on a similar
ground to that recognized with reference to testimony as to
dying declarations. The same view is fully recognized in
other jurisdictions. *Mattox v. United States,* 156 U. S.
237 (15 Sup. Ct. 337, 39 L. Ed. 409); *State v. Harmon,*
70 Kan. 476 (78 Pac. 805). If, as this court has held,
the testimony of a witness since deceased given on prelim-
inary examination may be proven on a subsequent trial,
then for a stronger reason the testimony of a witness since
deceased given on a former trial may be proven against the
defendant. The full opportunity which the defendant had
for cross-examination, impeachment, and contradiction when
the testimony was given obviates any objection which can
be made on the constitutional ground that on the present
trial defendant was not confronted with such witness.

3. SAME: evidence of witness since deceased.

IV. On the first trial witnesses McCloud and Kessler,
called for the defendant, testified that on December 28,
1907, which was three days after the alleged larceny, they
were present at defendant's farm when he
bought the set of harness in question from a
peddler. On the last trial McCloud was in-
troduced as a witness for the prosecution, having been
brought from the reformatory at Anamosa where he was
serving a sentence for a felony, and testified substantially

4. EVIDENCE: incriminating facts.

that his testimony on the former trial was absolutely and unqualifiedly false, and that he had been directly bribed by the defendant to give such testimony. He also testified as to the bribing of Kessler to give his testimony with reference to the same transaction. Other witnesses, relatives of McCloud, were allowed to testify as to facts showing it would have been impossible for him to have been at defendant's farm at the time referred to. All this testimony on the second trial was objected to on the ground that it was immaterial. We think the court did not err in overruling this objection. The fact that defendant suborned witnesses to give false testimony on the former trial was a fact indicative of his guilt which might be proven against him on the second trial. The conduct of a suspected party charged with crime may be shown to be such as an innocent person would not be likely to resort to. Such a fact is not conclusive of guilt, but it may strengthen the inferences of guilt arising from other facts. Like attempts to escape or fly which do not in themselves establish the commission of the crime charged, but tend to show conduct inconsistent with innocence, the attempt to secure false testimony by bribery is so inconsistent with consciousness of innocence of the crime charged that the jurors may take it into account as bearing on the question of defendant's guilt. *People v. Arnold,* 43 Mich. 303 (5 N. W. 385, 38 Am. Rep. 182) ; *People v. Marion,* 29 Mich. 31; *Toler v. State,* 16 Ohio St. 583; *People v. Salsbury,* 134 Mich. 537 (96 N. W. 936) ; 1 Wigmore, Evidence, sections 267, 273, 276-278. The testimony of the relatives of McCloud tending to show that his testimony on the first trial was false was material for the same reason. If it was false and must have been known to the defendant when he procured it to have been false, then the imputation of fraud on defendant's part was a still stronger indication of his guilt than if it were true, though corruptly procured, and the state was not limited to the subsequent testimony of

McCloud himself as to its falsity, but might show such fact
by other evidence.    Of course, the ultimate fact to be
shown was that defendant on the first trial knowingly and
corruptly procured false testimony; but, in connection with
the evidence which tended to show knowledge and corrupt
procurement, direct testimony that the evidence thus pro-
cured was in fact false was certainly material.    Such evi-
dence was not admissible by way of rebuttal only, for in
fact it tended to rebut nothing which was testified to on
the second trial, but it was admissible as evidence for the
prosecution tending to show as against defendant the in-
criminating fact that he had corruptly procured evidence
on the former trial which was in fact false and which he
must have known to be false when he procured it.

V.    In connection with the discussion in the preceding
paragraph, we may properly notice the objections made to
the instruction in which the bearing of the evidence relat-
ing to the false testimony of McCloud and
Kessler on the former trial was explained
to the jury.    In this instruction the jurors were told that,
if they believed that defendant after being charged with
the commission of the larceny and before the former trial
"knowingly paid, induced, or attempted to induce certain
witnesses to testify falsely concerning any material facts
in this case, such conduct on the part of the defendant
would be a circumstance to be considered by you in connec-
tion with all the other facts and circumstances in evidence
in determining the guilt or innocence of the defendant,
and such fact if found by you is a circumstance which
*prima facie* is indicative of guilt and should receive such
consideration and weight as you deem it entitled to."    This
instruction, as it seems to us, correctly states the effect
which the jurors might give to the fact of procuring false
eivdence on the former trial. if that fact was established.
The use of the expression *"prima facie* indicative of guilt"

5. SAME: instruc-
tion.

was not erroneous. *State v. Richards,* 126 Iowa, 497; *State v. Seymour,* 94 Iowa, 699.

VI. With respect to evidence of good moral character of the defendant, an instruction was asked for defendant which was perhaps unobjectionable, but the court in the instruction given covered the subject more fully, and, as no complaint is now made of

6. INSTRUCTIONS.

the instruction which the court gave in this respect, we need not further consider the refusal of the court to give in identical language the instruction asked.

VII. With reference to the effect to be given by the jury to evidence of recent possession of the stolen property by the defendant, the jurors were instructed that such possession "is presumptive evidence that the person in whose possession the property is

7. LARCENY: recently stolen property.

found is the person who stole the property, unless the facts and circumstances given in evidence satisfactorily explain such possession, and show it to have been acquired otherwise than by said larceny or raise a reasonable doubt as to whether defendant came into such possession otherwise than by said larceny." On the former appeal in this case we held an instruction to be erroneous in which it was stated that, if the stolen property was found in appellant's possession soon after the theft, then he was presumptively guilty, unless "he satisfied the jury that he came rightfully into such possession." The criticism was that although the recent possession did not appear to be rightful or honest, unless it appeared not to have arisen out of the larceny charged, it was no evidence of the guilt of such larceny. In the instruction above quoted there is no such difficulty. The court did not indicate in its former opinion that the instruction then considered was objectionable because it threw upon the defendant the burden of satisfying the jury that the recent possession did not arise from the larceny, and on this second trial we ought not to reverse the lower court on account of an objection to an

instruction not then urged or which the court did not deem of sufficient importance to notice. The objection made to the former instruction was obviated, and, if there were other objections to it which were then practically held not to be sufficient, they should not now be considered.

Aside, however, from the suggestion just made, it is plain that the instruction taken as a whole was not objectionable. If the facts and circumstances disclosed by the evidence satisfactorily explained defendant's possession or raised a reasonable doubt in the minds of the jurors as to whether defendant came into the possession of the harness otherwise than by stealing them according to the language of the court, the fact of recent possession was not to be considered in determining defendant's guilt. The requirement that the explanation of the recent possession must satisfy the jury that it did not arise out of the larceny charged would in itself be erroneous. *State v. Manley,* 74 Iowa, 561; *State v. Miner,* 107 Iowa, 656. But the qualification added in the instruction now under consideration brings it into conformity with the rules stated in those cases; or, at any rate, the qualification removes all prejudice from the erroneous statement. It would have been better no doubt to omit the clause relating to "the satisfaction of the jury," but, read as a whole, the instruction could not have been misleading. Similar criticisms are made to other instructions on the same subject, but they are sufficiently answered by what has been just said relating to the instruction referred to. By none of the instructions given could the jurors have been misled into thinking that the defendant had the burden of satisfying their minds by a preponderance of the evidence that the possession of the stolen property was not the result of the larceny charged; on the contrary, in each of them the jurors were expressly told that only in the event that the evidence failed to raise a reasonable doubt as to whether defendant came into the possession of the harness otherwise than

by larceny would they be justified in finding the defendant guilty on account of such recent possession. The complaint that the court practically told the jury that the possession of the harness by the defendant which the evidence tended to establish would constitute recent possession is without merit. The jurors were expressly told that they should consider all the evidence tending to show how and when the defendant came into possession of the harness as bearing upon the question of defendant's guilt, and left them to say whether under all the circumstances the possession of it by the defendant as shown by the evidence was recent possession or not.

VIII. On cross-examination of a witness put on by the defendant to prove good moral character, the state was allowed to ask the witness, over defendant's objection, whether there was not some talk in the community

8. EVIDENCE: character of accused.

about specific transactions of the defendant which tended to indicate that he was not in good repute. While the rule is that in rebutting evidence of good moral character offered by defendant the state can not introduce evidence as to particular transactions, it is certainly competent on cross-examination of a witness who has testified as to defendant's good moral character to ask whether there have not been rumors or reports in the community as to his bad character with reference to particular transactions. The existence of such rumors or reports would certainly tend to lessen the weight of the witness' testimony as to the defendant's good standing in the community. In short, the cross-examination related to the very matter inquired about on direct examination, to wit, the repute of the defendant in the community as to good moral character. *State v. Arnold,* 12 Iowa, 479; *Moulton v. State,* 88 Ala. 116 (6 South. 758, 6 L. R. A. 301).

IX. While counsel for appellant severely animadverts upon the closing argument by the county attorney to the

jury, his only real complaint seems to be that the county attorney referred to the failure of the defendant to become a witness on the second trial; but we do not find in the portion of the county attorney's address which is embodied in the record any such reference. He did refer to the defendant's testimony on the former trial, and this he had a right to do as such testimony had for proper purposes been proven on the second trial.

*9. ARGUMENT OF COUNSEL.*

X. After referring to the fact that defendant by way of explanation of the possesison of the harness had made false statements as to when and where he procured it, which were inconsistent with the testimony of Kubias on the former trial that he himself had manufactured it for the owner about eight months before the time of the alleged larceny, the county attorney said: "When Kimes found this situation, it was necessary for him to trump up some other story. Dave Kimes could have gone on the witness stand himself and given that story, and no one could have said him nay. No one could have disputed his story. It would have been subject only to the identification of the harness, and, if that could not have been identified, Dave Kimes' story might have passed." It is not entirely clear from the record whether in this quotation the county attorney was referring to the failure of the defendant to testify on the second trial or to his failure as a witness on the first trial to deny or explain material facts; but we reach the conclusion that the reference was of the latter character. Certainly the jurors on the second trial could not have understood, except by remote inference, that the county attorney was calling their attention to the failure of defendant to testify on the second trial. The county attorney may without violation of the statutory provision (Code, section 5484) call attention to the fact that certain evidence against the defendant is not controverted, although the natural and

*10. SAME: misconduct.*

obvious method of controverting such testimony would be for the defendant as a witness to deny its truth. *State v. Baker,* 143 Iowa, 224; *State v. Snider,* 119 Iowa, 15; *State v. Seery,* 129 Iowa, 259; *State v. Hasty,* 121 Iowa, 507.

However this may be, this question argued was not raised in this case at the proper time nor in the proper manner. The statute provides that for reference by the

11. SAME: review: waiver.

attorney for the prosecution to the failure of defendant to testify in his own behalf the defendant shall be entitled to a new trial. If a new trial is not asked on this ground in the lower court then improper reference is not ground for a reversal on appeal. *Grier v. Johnson, Judge,* 88 Iowa, 99. The objection is waived if the counsel for defendant interposed no objection on account of the improper argument until a review of the case is sought on appeal. *State v. Smith,* 132 Iowa, 645. And this is manifestly right, for, if defendant is entitled to a new trial on this ground, he should not be allowed to delay the administration of justice by postponing until a hearing on appeal an objecwhich which, if properly taken, would result in a setting aside of the verdict and the granting of a new trial as soon as the objection was brought to the attention of the court.

In the case before us, counsel for defendant urged as a ground for a new trial the "illegal conduct and statements by the county attorney in his closing argument to

12. SAME: new trial.

the jury," but, so far as the record shows, he did not in any way indicate that his specific claim was a violation by the county attorney of the statutory provisions above referred to. Clearly it was not the duty of the trial court to review the entire closing argument of the county attorney for the purpose of seeing whether there might be found therein some reference to the failure of the defendant to testify as a witness.

The judgment of the trial court is *affirmed.*