STATE OF IOWA, Appellee, v. G. L. RILEY, Appellant.

**ADULTERY:** Evidence—Sufficiency—Disposition and Opportunity.
1 Disposition to commit adultery and opportunity to commit it are not, of themselves, sufficient to support a conviction. Evidence reviewed, and held that the evidence embraced much more than mere disposition and opportunity.

**ADULTERY:** Election Between Acts—Continuous Adulterous Performance.
2 No election need be required by the State of the act on which it will rely for a conviction when the record, ample to support a conviction, does not show any specific and definite act of sexual intercourse, but simply a continuous adulterous performance between the defendant and the guilty spouse.

**CRIMINAL LAW:** New Trial—Reference to Failure to Testify. A
3 declaration by the public prosecutor in argument, on the trial of a charge of adultery in which defendant was not a witness, that "There has not been any testimony to explain why they (manifestly meaning defendant and the guilty spouse) were out on that lonely byway; why have they not explained that?" is not such a reference to defendant's failure to testify as to necessitate a new trial under Sec. 5484, Code, 1897, the guilty spouse, not on trial, being present and not having made any explanation.

*Appeal from Pottawattamie District Court.*—THOMAS ARTHUR, Judge.

THURSDAY, JUNE 29, 1916.

THE defendant was convicted of having committed the crime of adultery, and appeals.—*Affirmed.*

*Killpack & Northrop,* for appellant.

*George Cosson,* Attorney General, *John Fletcher,* Assistant Attorney General, *C. E. Swanson,* County Attorney, and *E. R. Jackson,* Assistant County Attorney, for appellee.

LADD, J.—The indictment was returned July 23, 1915, accusing defendant of having committed the crime of adultery with Clara Dethlefs, she being a married woman. The evidence tended to show that she was living with

1. ADULTERY: evidence: sufficiency: disposition and opportunity.

her husband on a farm, and that defendant was employed by him as "hired man" in the fall of 1914, and continued as such until his discharge in August, 1915. That he exceeded the scope of his employment, this record leaves no doubt. Though no specific act of intercourse was proven, the disposition to indulge therein was fully established, and opportunities too numerous to mention afforded. Of course, this was not enough to justify conviction. *State v. Thompson,* 133 Iowa 741. There must have been other evidence, in addition to that of disposition and opportunity, tending to overcome the presumption of innocence—which continued, notwithstanding temptation, until so overcome—to have warranted the inference of guilt. And there was plenty of such evidence. Among other things, the evidence tended to show that defendant was seen hugging the wife while riding in the back seat of the vehicle her husband was driving; that at a party he alluded to intercourse in her presence, at which she giggled, and, returning after the husband and children had, required the little girl to walk by the roadside while he used the road with his arm around her mother; that when the husband was away the lights were not turned on until a visiting neighbor had rapped on the door several times; that defendant drove to town repeatedly

with the wife without the husband's permission, and in a roundabout way returned late; that after unhitching the team they slipped away from the lantern into the darkness; that while holding the wife on his lap the chair broke; that he promised the little girl candy if she would keep a lookout for the return of the father from the field—he and the wife being in the house; that, in the afternoon of July 3, 1915, he left Avoca, where he was attending the races with the family, accompanied by the wife, without the husband's knowledge, for Omaha, and neither returned until the following Monday; that he secretly accompanied the wife to Council Bluffs to purchase a stove, neither returning until the following day; that he neglected work assigned in the absence of the husband, who discovered on his return that his wife's bed had been occupied; that he and the wife winked and smiled at each other across the table; and that he said to Peterson, in substance, that he got all the intercourse he wanted where he was working.

Though no specific act is pointed out by this evidence, no one can read the record without being convinced of the continuous illicit relations of the parties extending over a considerable period of time. But the commission of the offense cannot be fixed upon as happening at any one time any more certainly than at another, and greater certainty than is possible under the evidence is never required. While the evidence leaves no doubt of the adulterous relation of the parties at the farm, it does not point to any specific acts between which the State might have been required to elect. Their course was in the nature of a continuous performance, and there was no error in holding the evidence sufficient to convict, nor in refusing to require an election as to what act the State would rely on for conviction. *State v. Higgins,* 121 Iowa 19; *State v. Norris,* 122 Iowa 154.

2. ADULTERY: election between acts: continuous adulterous performance.

The county attorney, in referring to the incident of the defendant and the wife's passing along a road not much

traveled, exclaimed, ''There has not been any testimony to explain why they were out on that lonely

3. CRIMINAL LAW: new trial: reference to failure to testify.

byway; why have they not explained that?'' As defendant did not take the stand, this is said to violate the statute prohibiting reference thereto. As said in *State v. Hasty*, 121 Iowa 507, an argument is essential to show the connection. A witness other than the defendant—that is, Mrs. Dethlefs—might have made the explanation, and the remark cannot be regarded as a ·violation of the statute forbidding allusion to the omission of defendant to testify. *State v. Krampe*, 161 Iowa 48; *State v. Perry*, 165 Iowa 215; *State v. Kimes*, 152 Iowa 240; *State v. Hector*, 158 Iowa 664.

We are of opinion that the accused was accorded a fair trial and rightly convicted of the offense charged.—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.