STATE OF IOWA, Appellee, v. DAVID HARDING, Appellant.

DECEMBER 13, 1927.

REHEARING DENIED MARCH 17, 1928.

*R. J. Organ* and *William P. Welch*, for appellant.

*John Fletcher*, Attorney-general, and *Roy Havens*, County Attorney, for appellee.

WAGNER, J.—The abstract contains the evidence of only one witness, the same not being necessary for the propositions which the appellant presents for our determination.

It is the contention of the appellant that the court erred in overruling his challenge for cause to one of the jurors. The defendant exhausted all of his peremptory challenges, using one of the same upon the juror as to whom he claims his challenge for cause should have been sustained. The juror, upon her *voir dire* examination, answered, in substance, that she had read about the case, but did not remember reading any article that purported to state the testimony; that she thought she had an opinion as to the guilt or innocence of the defendant; that she thought that it would require some evidence contrary to the opinion she then had, to change her mind; that, if selected as a juror, she would enter the jury box with that opinion in her mind; that said opinion would not in any manner control, or tend to control, her verdict, if she were selected as a juror; that she could try the case and determine it solely from the evidence, and could lay aside the opinion she then had, although her opinion would hold until she heard something different.

The ground for challenge was that the juror had a fixed opinion, and would continue to have until some evidence was introduced contrary to that opinion. The juror in question was qualified, unless she had formed or expressed such an opinion as to the guilt or innocence of the defendant as would prevent her from rendering a true verdict upon the evidence submitted on the trial. Section 13830, Code of 1924.

The court is vested with discretion in determining whether a juror is disqualified, and there is no reversible error unless abuse of discretion is shown. The answers of the juror negative

the claim of the defendant that her opinion was fixed or unqualified. In *State v. Williams,* 197 Iowa 813, we held that the court did not commit error in overruling a challenge to a juror who had formed some opinion that it would require evidence to remove, it being shown that the opinion of the juror was not unqualified, and that she could lay the opinion aside, and try the case upon the evidence introduced. There was no abuse of discretion in the instant case on the part of the trial court. See *State v. Teale,* 154 Iowa 677; *State v. Krampe,* 161 Iowa 48; *State v. Hassan,* 149 Iowa 518; *State v. Reed,* 205 Iowa 858.

It is next contended by the defendant that the court, after overruling his challenge to the aforesaid juror, erred in that he refused him the right to examine the juror as to other matters that might affect her qualifications as a juror.

The trouble with defendant's position is that the proposition which he is now urging was not presented to the trial court, for he did not request or demand the right to examine said  juror on other matters, after the aforesaid challenge was overruled. After the court overruled the aforesaid challenge, he told the juror to take her seat in the jury box, and then the defendant's attorney asked, "Do I understand the court to mean that I cannot examine these jurors at length?" And the court responded, "After you have made your challenge, you have rested on your challenge." It is true that, after the next juror had been called, and one question asked and answered, the defendant's attorney then said:

"Before this examination, I want this record to show that the defendant challenged the juror Eunice Mills upon her examination as to an opinion, and that by the ruling of the court now we are precluded from examining her upon any other matter that might affect her qualifications as a juror."

The record fails to uphold what the defendant's attorney dictated into the record; for since no request or demand was made to examine the juror as to other grounds of challenge, there was not, and could not be, any ruling by the court substantiating what the defendant's attorney dictated into the record. After the court ruled upon the challenge, it was discretionary with the court as to whether he permitted further examination as to the ground of challenge urged; and the nature

of the question asked by the defendant's attorney, and what he dictated into the record, were not sufficient to constitute a request or demand to examine the juror as to other grounds of challenge. Had the attorney made a request or demand to examine the juror as to other grounds of challenge, it would then have been a matter requiring the ruling of the court, and, had the court granted him the right, upon request or demand, he would have no ground of complaint. And, had the court then ruled, refusing him the right, he would then have the question preserved which he is now urging. While it may be that the court was of the opinion that the examiner must examine as to all grounds of challenge before exercising the right of challenge, and assert all grounds of challenge at the same time, as the record stands we do not know what would have been the ruling of the court, had the proper request or demand been made. We have repeatedly refused to consider propositions which were not presented to, or passed upon by, the trial court. Moreover, no prejudice is shown to have resulted to the defendant.

Defendant's next contention is that the county attorney was guilty of misconduct in his opening argument to the jury, in that, as claimed, he violated the provisions of Section 13891 of the Code of 1924, by referring to the fact that the defendant did not testify in his own behalf.

It is shown by the record that Louise Hitchings, a witness for the State, was proprietress of a cafe in Missouri Valley, and that, while she was in the cafe on the evening of December 14th  (the night before the robbery), the defendant had lunch in the cafe, and used the telephone, calling Jackson 1960 at Omaha, and asking for Mrs. Harding. He said over the telephone: "You tell Mrs. Harding, when she comes in, that this is her husband talking, and that we are in Missouri Valley, and if all is well, we will be home tomorrow."

The county attorney, in his argument to the jury, said that there is no explanation for their being in Missouri Valley the night before; that the testimony of Mrs. Hitchings and Mr. Deal is not denied; that there is no explanation as to why he should be calling a woman known as May Harding, in Omaha, on the evening of December 14th, and telling her he would be back in

Omaha the next morning; that there was no explanation as to how the defendant happened to be at that house in the city of Omaha at the time of his arrest. A further statement by the county attorney was:

"Now, then, if he had acquired this money from some other source except the source that is claimed in this case, surely he could have produced witnesses here—he surely could have produced the testimony of some witness who could have explained how this money happened to come into the possession of Dave Harding between the dates of December 7th, and December 15th, the day it was found in his possession."

The defendant's attorney objected to all of the aforesaid remarks made by the county attorney, at the time when made, and they were urged as grounds for a new trial.

We have frequently held that the use by the attorney for the State, in argument to the jury, of statements such as that certain evidence is not denied, uncontradicted, unexplained, undisputed, uncontroverted, or that there has been no testimony to explain, is not a violation of the section of the Code hereinbefore referred to. See *State v. Masters*, 197 Iowa 1147; *State v. Riley*, 177 Iowa 313; *State v. Walker*, 192 Iowa 823; *State v. Hasty*, 121 Iowa 507; *State v. Kimes*, 152 Iowa 240; *State v. Boyd*, 196 Iowa 226; *State v. Baker*, 143 Iowa 224; *State v. Krampe*, supra; *State v. Snider*, 119 Iowa 15; *State v. Perry*, 165 Iowa 215. In *State v. Baker*, supra, we said:

"The most that can be claimed for the remarks of counsel is that the jury might have deduced therefrom, by way of remote inference, the conclusion that some of the facts insisted upon by counsel as having been established by the evidence might have been negatived by the testimony of defendant, if he had gone on the stand. But this court, while strictly applying the statute in every case, has not found it necessary to reverse because of the possibility of such remote inference."

It is obvious, in view of our previous pronouncements, that the foregoing remarks of the county attorney, to which objections were made as constituting misconduct, were not in violation of the statute.

Defendant also makes complaint as to other language used by the county attorney in his argument, which it is now claimed was violative of the foregoing section of the Code. No

objection or exception thereto was taken at the time, nor was the same included in the grounds of the motion for new trial. However, we have carefully considered said language, and the same did not refer to the failure of the defendant to become a witness in the case; but the county attorney, by use of said language, endeavored to explain to the jury, in a general way, that the possession of property recently stolen, without explanation as to the possession, is a circumstance from which guilt may be inferred.

We find no prejudicial error in the record. The judgment of the lower court is affirmed.—*Affirmed.*

EVANS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.