**STATE of Iowa, Appellee,**

v.

**Edmundo Fuentes CASTILLO, Appellant.**

**No. 65873.**

Supreme Court of Iowa.

Jan. 20, 1982.

Charles L. Harrington, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Michael Jordan, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and McCORMICK, McGIVERIN, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

Edmundo Castillo appeals from convictions of assault and second-degree robbery. Two issues are presented on appeal: (1) whether the trial court erred in allowing the State, after the defendant had introduced exculpatory portions of a discovery deposition, to introduce the inculpatory portions of it; and (2) whether the defendant received ineffective assistance of counsel. We affirm.

The jury could reasonably have found the following facts: The defendant and three juvenile companions approached two high school students, James Kessler and John Elder, near a city park parking lot in West Liberty. One of the four was armed with a crescent wrench; the defendant, who was wearing a nylon stocking over his head, was

armed with a hammer. With this hammer the defendant began to strike Kessler's car, knocking out the rear side windows as well as damaging the windshield and headlights. Meanwhile, one of the defendant's companions, Mark Hagens, beat Kessler with his fists and demanded money. Kessler handed him his wallet. Another of the defendant's companions demanded money from Elder. By this time the defendant had finished hammering Kessler's car; he too approached Elder, holding the hammer above his head, and demanded that he produce his wallet. Elder threw his wallet to the defendant's companion. Kessler and Elder then fled from the group. While he was running away, Elder received a glancing blow on his shoulder, from what he believed to be a hammer.

A trial information was subsequently filed against the defendant, charging him with two counts of first-degree robbery. After trial to a jury, he was found guilty of assault against Kessler, § 708.2(2), and second-degree robbery of Elder, § 711.3, The Code 1979.

I. *Introduction of Deposition Testimony.*

Before trial the defendant's attorney, and the attorney for his codefendants, took the deposition of Mark Hagens. Hagens was not called by the State as a witness at the trial, despite the fact his name had been endorsed on the trial information as a witness for the State. *See* Iowa R.Crim.P. 5(3). As a part of his defense, the defendant's attorney requested permission to read portions of Hagen's discovery deposition which, he claimed, would be exculpatory. The trial court allowed him to introduce those parts of Hagens' deposition. The court then, over the defendant's objection, allowed the State to introduce the following italicized portions of the deposition bearing on the defendant's intent to commit a robbery:

Q. *Do you remember Mr. Castillo's mask?*

A. *I seen it in his pocket when he was fooling around with some change.*

Q. *Was that before or after you robbed the kids?*

\* \* \* \* \* \*

A. *It was before.*

Q. *Do you remember seeing it on him around the time you were in the park?*

A. *Uh-huh.*

Q. *The mask we are talking about is a nylon stocking, right?*

A. *Yeah.*

Q. Had you ever seen him with a nylon stocking before?

A. No. Well, yeah, once in a while he used to have one to carry his fishing stuff in, like bobbers and stuff.

Q. And you saw—did he have the same clothes on that he had on when he was fishing when you saw the stocking?

A. I don't think so. I don't know. I can't remember.

Q. Is it possible he did?

A. Yes.

On appeal the defendant contends that allowing the State to introduce into evidence the deposition testimony which was inculpatory in nature violated his federal and state constitutional rights to cross-examine Hagens. He asserts that "without an opportunity for cross-examination [he] was unable to question Hagens concerning such matters as the precise period of time the 'mask' was worn in the park, whether it in fact disguised the defendant's face, ... what motive, if any, was stated by the defendant for his use of a 'mask' [and] the accuracy of [his] recollection ...." He also implies that the State was bound to obtain Hagens' presence at trial because it had listed him as a witness in its minutes of testimony. He further argues that, in view of the exculpatory evidence included in the deposition, he was required to waive his right to cross-examination in order to exercise his due-process right to present a defense. The State, on the other hand, argues that every witness listed in the minutes of testimony need not be produced at trial and also, since it was the defendant who initially sought to introduce portions of the depo-

sition at trial, he "opened the door for the State's request to introduce additional excerpts from the same deposition." .

■ A. *State's "duty" to call witness endorsed on information.* Iowa Rule of Criminal Procedure 5(3) provides: ·

The prosecuting attorney shall, at the time of filing such information, endorse or cause to be endorsed thereon the names of the witnesses *whose evidence the prosecuting attorney expects to introduce and use on the trial* of the same, and shall also file with such information the minutes of evidence of such witness which shall consist of a notice in writing stating the name, place of residence and occupation of each witness upon *whose expected testimony the information is based, and a full and fair statement of the witness' expected testimony.*

(Emphasis added.) This rule does not require the State to call every witness whose name is endorsed. *See State v. Houston,* 261 Iowa 1369, 1373, 158 N.W.2d 158, 161 (1968) (§ 769.4, The Code 1966—the precursor to rule 5(3)—"does not require the State . . . to call every witness listed in the minutes of testimony which is part of the county attorney's true information"); *State v. Parker,* 261 Iowa 88, 100–102, 151 N.W.2d 505, 513 (1967); *Cf. State v. Marchellino,* 304 N.W.2d 252, 255 (Iowa 1981) (under Iowa R.Crim.P. 12(3) a defendant's duty to disclose witnesses arises when they are "expected" to be called by the defense). We adhere to the rule of those cases.

B. *State's use of the deposition.* The defendant's deposition of Hagens was taken pursuant to Iowa Rule of Criminal Procedure 12(1), which provides that a defendant "may examine all, witnesses listed by the State on the . . . information . . . in the same manner and with like effect and the same limitations as in civil actions except as otherwise provided by statute and these rules." Our civil rules provide that "[i]f a party offers only part of a deposition, his

adversary may require him to offer all of it relevant to the portion offered; and any other party may offer other relevant parts." Iowa R.Civ.P. 145(a). These rules, when applied together, would clearly allow the State's use of the deposition in this case, where the defendant first offered portions of it.[1] The defendant contends, however, that use of the Hagens' deposition violated his constitutional right of confrontation.

The sixth-amendment right of confrontation, which is applicable to state proceedings, *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), and its state counterpart provide, respectively:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; *to be confronted with the witnesses against him* ; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S.Const. amend. VI. (Emphasis added.)

In all criminal prosecutions, the accused shall have a right to a speedy trial by an impartial jury; to be informed of the accusation against him; *to be confronted with the witnesses against him* ; to have compulsory process for his own witnesses, and to have the assistance of counsel.

Iowa Const. art. I, § 10 (1857). (Emphasis added.)

Although the right to confrontation "includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness," *Barber v. Page,* 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255, 260 (1968), there is a distinction between these two purposes:

It is generally agreed that the process of confrontation has two purposes, a main

---

1. When criminal rule 12(1) and civil rule 145(a) are read together they are almost identical to Federal Rule of Criminal Procedure 15(e), which provides in part: "If only a part of a deposition is offered in evidence by a party, an adverse party may require him to offer all of it which is relevant to the part offered and any party may offer other parts."

and essential one, and a secondary and dispensable one:

(1) The main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination.*

\* \* \* \* \* \*

(2) There is, however, a secondary advantage to be obtained by the personal appearance of the witness: the *judge* and the *jury* are enabled to obtain the elusive and incommunicable evidence of a *witness's deportment while testifying*, and a certain subjective moral effect is produced upon the witness.

\* \* \* \* \* \*

[T]he secondary advantage, incidentally obtained for the tribunal by the witness's presence before it—the demeanor-evidence—is an advantage to be insisted upon whenever it can be had. No one has doubted that it is highly desirable, if only it is available. But is is merely desirable. Where it cannot be obtained, the requirement ceases. It is no essential part of the motion of confrontation; it stands on no better footing than other evidence to which special value is attached ... [and] so *demeanor-evidence may be dispensed with, in necessity.* Accordingly, supposing that the indispensable requirement of cross-examination has been satisfied, the only remaining inquiry is whether the demeanor-evidence, to be obtained by the witness's production before the tribunal, is available.

5 J. Wigmore, *Evidence* § 1395, at 123, 125–26, § 1396, at 127 (1940); *see State v. Strable*, 313 N.W.2d 497, 500 (Iowa 1981); *State v. Davis*, 269 N.W.2d 434, 438 (Iowa 1978) ("the primary interest secured by the confrontation clause ... is the right of cross-examination"); *State v. Carney*, 236 N.W.2d 44, 46 (Iowa 1975) (same); C. McCormick, *Handbook of the Law of Evidence* § 252, at 606 (1972).

Because the defendant's right to confront adverse witnesses was implicated in this instance, the question is whether the defendant was given a meaningful opportunity to examine Hagens at the deposition:

[W]hether there is a right to be confronted with opposing witnesses is essentially a question whether there is a right to cross-examine. If there has been a Cross-examination, there has been a Confrontation. The satisfaction of the right of Cross-examination ... disposes of any objection based on the so-called right of Confrontation.

5 J. Wigmore, *Evidence, supra* § 1396, at 127; *accord, Chambers v. Mississippi*, 410 U.S. 284, 294–95, 93 S.Ct. 1038, 1045–46, 35 L.Ed.2d 297, 308–309 (1973).

We believe the right of "cross-examination" was adequately exercised here. It was the defendant and his codefendants who, pursuant to rule 12(1), initiated the taking of Hagens' deposition. The defendant's counsel examined Hagens at some length in the deposition. Under analogous circumstances, testimony from other proceedings has been allowed. *See, e.g., State v. Clay*, 222 Iowa 1142, 1143, 1147, 271 N.W. 212, 215 (1937) (no constitutional violation where State in its rebuttal introduced testimony given in former trial by witness who was beyond reach of subpoena); *State v. Brown*, 152 Iowa 427, 432–37, 132 N.W. 862, 864 (1911) (testimony of witness at former trial admitted where witness beyond reach of subpoena); *State v. Kimes*, 152 Iowa 240, 244, 132 N.W. 180, 182 (1911) (testimony of deceased witness given in former trial admitted: "The full opportunity which the defendant had for cross-examination, impeachment, and contradiction when the testimony was given obviates any objection which can be made on the constitutional ground that on the present trial defendant was not confronted with such witness."); *State v. Fitzgerald*, 63 Iowa 268, 272, 19 N.W. 202, 203 (1884) (testimony at preliminary hearing of deceased witness admitted; cross-examination afforded defendant at hearing precludes constitutional violations). While these cases involved witnesses who were unavailable for trial and the predicate for introduction of their testimony was therefore different from that in the present case, they nonetheless reveal no infirmities based in the use of such out-of-court state-

ments on confrontation grounds. *See generally* 5 Wigmore, *supra* § 1398, at 136 ("In dealing with depositions ... of ... absent witnesses, our Courts have almost unanimously received them, when offered against the accused in criminal prosecutions, as not being obnoxious to the Constitutional provision, if the right of cross-examination has been satisfied."); McCormick, *supra* § 255, at 616 (former testimony allowed if given under oath or "such form of affirmation as is accepted as legally sufficient [and there is] a reasonable opportunity to cross-examine"), § 258, at 622.

The trial court did not err in allowing the State's use of the deposition; it was provided for by criminal rule 12(1), incorporating civil rule 145(a). Moreover, it did not offend either the state or federal constitution. Because we conclude there was no violation of the defendant's confrontation rights, it is not necessary to address the additional issue raised by him, that he was improperly required to choose between his constitutional rights of confrontation and to present a defense.

## II. *Ineffective Assistance of Counsel.*[)]

General principles relating to claims of ineffective assistance of counsel are set forth in *Sims v. State*, 295 N.W.2d 420, 423–25 (Iowa 1980):

> [There is] a presumption that counsel is competent, which must be overcome by [the accused] in order for an ineffective assistance of counsel claim to lie. [The accused] must shoulder the burden of proof to establish by a preponderance of the evidence, including an affirmative factual basis, that trial counsel provided ineffective assistance.
>
> \*　\*　\*　\*　\*　\*
>
> Improvident trial strategy, miscalculated tactics, or mistakes in judgment do not necessarily amount to ineffective assistance.
>
> \*　\*　\*　\*　\*　\*
>
> Ordinarily ... the accused is bound by the tactical or strategic decisions made by counsel, even those rising to constitutional dimensions.
>
> \*　\*　\*　\*　\*　\*

[The accused must] establish ... that [his counsel's] performance ... fell below the range of normal competency.

(Citations omitted.)

 The defendant claims that the failure of his trial counsel to summon Hagens as a witness for trial amounted to ineffective assistance of counsel because such failure was not a tactical or strategic decision, but due instead to his counsel's belief that chapter 819 (uniform act to secure out-of-state witnesses) was not available to the defense. Had there been a cross-examination of Hagens at trial, he concludes, any testimony damaging to him might have been clarified, explained, or neutralized.

We conclude that notwithstanding defense counsel's alleged misunderstanding of chapter 819, Hagens' exculpatory statements were brought to the attention of the jury; there was no guarantee an in-court examination of Hagens might not lead to damaging evidence. The decision to forego examination at trial was arguably a part of defense counsel's total trial strategy. In any event, the record as it now stands does not establish ineffective assistance of counsel under the test set out above.

We find no reversible error. The case is affirmed.

AFFIRMED.