FELL v. THE B., C. R. & M. R. Co.

1. **Evidence:** DECEASED WITNESS: FORMER TRIAL. A witness called to give the testimony of a deceased witness upon a former trial must be able to state the substance of all the latter's evidence.

2. ———: CITY ORDINANCE: NEGLIGENCE. In an action against a railway company for injuries caused by its alleged negligence in the manner of running a train within city limits, a special ordinance limiting the rate of speed at which another company should run its trains was *held* not admissible to charge the defendant with negligence.

3. **Practice:** CERTIFICATE OF JUDGE: APPEAL. The certificate of a judge that the case, although involving an amount less than one hundred dollars, contains a question of law upon which it is desirable to have the opinion of the appellate court, need not specify the particular question upon which the certificate is granted.

*Appeal from Muscatine Circuit Court.*

MONDAY, APRIL 24.

THIS cause was tried before a justice of the peace upon a claim for damages for the negligent and wrongful killing of plaintiff's cow by the defendant's engine, in the city of Muscatine. The defendant denied the negligence and wrong charged, and claimed that the injury was the result of inevitable accident.

Judgment was rendered for the plaintiff for $50 and costs, and the cause was by the defendant appealed to the Circuit Court, where it was tried by a jury. Verdict and judgment for the plaintiff, and defendant appeals.

VOL. XLIII.—12

*Richman & Carskaddan*, for appellant.

Unless the increased speed, *i. e.*, the rate greater than that allowed by the city ordinance, caused the injury, it does not constitute negligence rendering the defendant liable. (*Artz v. R. R. Co.*, 34 Iowa, 157; *Brown v. R. R. Co.*, 22 N. Y., 191; *Reynolds v. Hindman*, 32 Iowa, 146.)

*Cloud & Broomhall*, for appellee,

Cited *Stephens v. R. R. Co.*, 36 Iowa, 331; *Reynolds v. Hindman*, 32 Id., 148; *Rivercase v. St. Ament*, 3 G. Greene, 119; *Packard v. McCoy*, 1 Iowa, 530.

ROTHROCK, J.—I. One Patrick Burns was a witness on the trial of the case before the justice of the peace. After the trial before the justice, said Burns died. On the trial of the case in the circuit court, the plaintiff was called as a witness and asked by her counsel, "What did Patrick Burns swear to on the trial of this case before the justice?" To this question defendants objected, because it was not shown that the witness could give all of the testimony of the deceased witness. The objection was over-ruled, and plaintiff testified as follows:

1. EVIDENCE: deceased witness: former trial.

"I recollect all he swore to—the substance of it—but not every word. He swore that he was coming along the road under the bluff, near the railroad, with his team and a load of wood; and that the locomotive came along very fast, so fast that he took notice of it, and it killed my cow. He swore there were some young men on the locomotive laughing and cutting up, and paying no attention to what they were doing. That he saw the cow a good distance off, and the locomotive fellows could have seen her too if they had looked. He said a great deal in his testimony. I don't remember all he said. He got excited when Mr. Richman questioned him, and talked a great deal."

In response to a question by the court the witness testified: "I can't remember all that Burns said. He said the cow was

coming from the water, and she ran fast, but the engine ran so fast she could not get across the track."

This testimony was material on the question as to the negligent running of the engine. Indeed it was the principal evidence on the part of the plaintiff. Two other witnesses state that at the time of the accident the engine was running very fast, but give no other particulars. The defendants introduced two witnesses who relate such a state of facts as should entirely exonerate the defendant from any liability. A witness called to give the testimony of a deceased witness upon a former trial, must state the substance of all that was sworn to by such deceased witness. 1 Greenleaf on Evidence, Sec. 165; *Harrison v. Charlton*, 42 Iowa, 573.

The witness in this case, while she stated that she recollected all Burns swore to—the substance of it, but not every word, yet before the close of her testimony and in response to the court, she admits that she can't remember all that Burns-said, and she nowhere states that what she details is the *substance* of *all* that Burns testified to, but admits that when Mr. Richman questioned him he (Burns) got excited, talked very fast, and talked a great deal, but she does not pretend to give the substance of what he said. Upon the conclusion of the examination of the witness, the defendants moved that her testimony be excluded from the consideration of the jury for the reason above given, which motion was overruled. We are of the opinion that the court erred in thus ruling, and that the testimony ought to have been excluded.

II. The plaintiff introduced an ordinance of the city of Muscatine, entitled "*An ordinance relating to the Mississipi. & Missouri Railroad*," which grants to said railroad right of way over certain streets and public grounds. Section 6 of said ordinance is as follows:

2. ——: city ordinance: negligence.

" Sec. 6. Said company shall not be allowed to run its trains through said city at a greater rate of speed than six miles per hour, and shall cause the locomotive bell to be kept ringing on such train during its entire passage through the streets."

This ordinance has especial reference to the railroad therein

named, and does not apply to all roads running into or through the city. The defendant objected to the introduction of said ordinance, for the reason that the rule prescribed as to the running of trains has no application to the locomotives of defendant. This objection was overruled and is assigned for error.

There is nothing in all the record of the case to show that the defendant was a lessee of the M. & M. Railroad, or that it was running its engine on the track of that road. If it had been shown that this accident happened on the track of the M. & M. Railroad, as granted and fixed by the ordinance, and that the defendant was using said track under some arrangement with the M. & M. R. R. Co., or its successor, it may be conceded that in using the track the defendant would be bound to comply with the ordinance in running its trains. But until some such state of facts was made to appear, it was error for the court to allow said ordinance to be introduced, and assume in the instructions to the jury, as it did, that the violation of the ordinance was negligence.

III.   The plaintiff makes a question as to the sufficiency of the certificate of the circuit judge, authorizing this appeal. **3. PRACTICE: certificate of judge: appeal.** The certificate is in the language of the statute, Code, Sec. 3173, and we believe that to be sufficient without stating the particular question of law upon which it is desirable to have the opinion of this court; and that the certificate brings the whole case here to be passed upon the same as if the amount in controversy was over $100.

For the errors above enumerated, the case will be reversed and remanded for a new trial.

REVERSED.