STATE OF IOWA v. BERT CONKLIN and MRS. BERT CONK-
LIN, Appellants.

**Appeal:** WAIVER OF ERROR. Alleged errors concerning which there
1 is no brief or argument will not be reviewed on appeal.

**Criminal law:** CONCEALING STOLEN PROPERTY: EFFECT OF VERDICT. Con-
2 viction for aiding in the concealment of numerous stolen articles,
no election as to the particular article having been required by
the court, is an implied conviction for aiding the concealment of
all articles enumerated in the charge.

**Same:** EVIDENCE OF ABSENT WITNESS: HOW PROVEN. The testimony
3 of a witness on the first trial of a criminal case, but who on
the second trial is beyond the jurisdiction of court, may be proven
in substance by those who heard it, even though it was not taken
in short hand.
Weaver and Evans, JJ., dissenting.

**Same:** CONCEALMENT OF STOLEN PROPERTY: POSSESSION. It is not
4 essential to a conviction for concealing stolen property that the
accused should have had actual possession of the same; it is
sufficient if he knew it was stolen and aided in its concealment.

*Appeal from Washington District Court.*—HON. K. E.
WILLCOCKSON, Judge.

TUESDAY, NOVEMBER 14, 1911.

THE defendants were convicted of receiving and con-
cealing stolen property, and appeal.—*Affirmed.*

*P. J. Hanley,* for appellants.

*George Cosson,* Attorney-General, and *John Fletcher,*
Assistant Attorney-General, for the State.

SHERWIN, C. J.—The defendants were originally tried

in justice court on an information charging that they had knowingly received and aided in concealing certain stolen property, consisting of onions, cabbage, potatoes, and other articles therein specified; said property having been stolen by one Enos Dean. They were convicted before the justice, and appealed to the district court, where they demurred to the information, on the ground that it charged more than one offense, that it failed to set out the names of the owners of the property, and was bad for duplicity. The demurrer was overruled, and thereupon the defendants entered pleas of not guilty and of former acquittal. At the close of the state's evidence, it was required to elect on which of the articles alleged to have been stolen and concealed it would rely for a conviction, and the state then elected to rely upon the charge that the defendants had received and aided in concealing two bunches of shingles. The trial then proceeded, and the defendants were again found guilty.

I. The appellants present no brief or argument on the error claimed to have been committed in overruling

1. APPEAL: waiver of error.

their demurrer to the information, and we need not give the subject further consideration.

II. No election was required by the justice, and the defendants say that, as they could only be convicted of receiving and concealing one of the articles enumerated in the

2. CRIMINAL LAW: concealing stolen property: effect of verdict.

information as having been stolen and concealed, they were acquitted of all of the other charges contained in the information. But the jury before whom the trial was had in the justice court found the defendants guilty as charged in the information, and this implied a conviction on every material allegation in the information. *State v. Turner*, 19 Iowa, 144.

III. Enos Dean, who stole the property in question, was a witness for the state on the trial of the defendants

before the justice, and was fully cross-examined by counsel

3. SAME: evidence of absent witness: how proven.

for the defendants. When the trial took place in the district court, Dean was in the state of Washington, and, of course, beyond the reach of the process of the district court. His testimony on the trial before the justice was not taken in shorthand, but the justice testified on this trial that he made a memorandum of Dean's testimony as it was being given, and that he could repeat the substance of it by refreshing his recollection from such memorandum. The justice was then permitted to testify as to what Dean said when a witness on the first trial. One of the jurors who served on the trial in justice court was also allowed to state what Dean had there testified to. The admission of this testimony is the foundation of the appellant's most serious complaint. We have recently held that the stenographic notes of the testimony of a witness for the state in a criminal trial may be used on a retrial of the same case, where the witness is, at the time of the second trial, living, but beyond the jurisdiction of the court. *State v. Grant Brown,* 152 Iowa, 427. We had theretofore held that such evidence was competent in case of the death of the witness. *State v. Fitzgerald,* 63 Iowa, 268; *State v. Kimes,* 152 Iowa, 240. And we have also held that it is competent to prove the substance of the testimony of a deceased witness, even though such testimony be not taken down in writing. *State v. Fitzgerald, supra;* Greenleaf on Evidence, section 165. See, also, *Harrison v. Charlton,* 42 Iowa, 573; *Fell v. Railroad Co.,* 43 Iowa, 177.

Dean occupied a room in the defendants' home, and the defendants asked an instruction to the effect that if

4. SAME: concealment of stolen property: possession.

the stolen shingles were found in his room, in his possession, then they were not in the possession of the defendants. This instruction was refused, and the ruling is said to be error. It was not error to refuse the request. It was

not necessary to show that the stolen property was ever in the possession of the defendants. It was enough to show that they know that it was stolen, and that they, by some means, aided in concealing it. *State v. St. Clair,* 17 Iowa, 149. And there was abundant evidence of that fact. The evidence, in fact, showed that the shingles were stolen and put in Dean's room upon the defendants' request, and when they were discovered by the aid of a search warrant both defendants stated that they had bought them. We have read the evidence in this case with care, and think it sufficiently supports the verdict and judgment. There is no error demanding a reversal of the judgment, and it is therefore, *affirmed.*

Weaver, J. (dissenting).—The admission of testimony as to matters formerly sworn to by the absent witness is clearly erroneous, and should work a reversal.

Evans, J., joins in the dissent.