STATE of Iowa, Appellee,

v.

John E. SCHLENKER, Appellant.

No. 57675.

Supreme Court of Iowa.

Oct. 15, 1975.

George G. West, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., John G. Mullen, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Defendant appeals his conviction of receiving and concealing stolen property worth more than $20 in violation of § 712.1, The Code. We reverse and remand.

As manager of a hotel and restaurant in Altoona, Iowa, Richard Hoffman learned of the disappearance of various food items. Accordingly he began to watch the back loading dock of the establishment. About 5:00 a. m. on November 25, 1973 Hoffman observed the actions of an employee, Randy Schlenker (defendant's son). Randy made several trips from the loading dock to his car, placing a large bag and numerous boxes in the trunk. While so observing, Hoffman contacted authorities by use of police radio with which he had been equipped. Three officers responded. Hoffman and the three officers maintained constant surveillance on Randy's car from the time it left the establishment until it stopped at a restaurant leased by John Schlenker (defendant). The trunk of the car had not been opened until the trunk lid was raised and defendant carried something from it into his restaurant. The officers thereupon arrested Randy and John Schlenker in the kitchen area of the restaurant.

One of the officers, Detective Womack of the Polk County sheriff's office, then left to obtain a search warrant for the trunk of Randy's car and for the restaurant. The validity of the search warrant is the principal challenge defendant raises in this appeal. In executing the warrant the officers found various meats and condiments in Randy's car trunk as well as a pan of meat already observed by officers while making the arrest in the restaurant.

I. Officer Womack's affidavit, sworn to before the issuing magistrate, appears on the information for search warrant. It reads as follows:

"Defendant # 2 [Randy Schlenker] was observed taking cases of meat from Adventureland Inn, Altoona, Iowa, placing them in his vehicle and transporting same to Stanton's Restaurant. Defendants # 1 [defendant] and # 2 [Randy] were observed removing merchandise from vehicle described above and taking them into Stanton's Restaurant."

Section 751.4, The Code, prescribes the information required for issuance of a search warrant:

" * * *

"If the magistrate thereafter issues the search warrant, he shall endorse on the application the name *and address* of all persons upon whose sworn testimony he relied to issue such warrant *together with an abstract of such witness' testimony.* However, if the grounds for issuance is supplied by an *informant*, the magistrate shall only identify the peace officer to whom the information was given and that he *finds that such informant had previously given reliable information.*" (Emphasis added.)

The application here contained neither the address of the officer nor an abstract of his testimony. Such lack does not *automatically* invalidate the warrant. *State v. Liesche*, 228 N.W.2d 44, 48 (Iowa 1975). But other deficiencies join to render the warrant invalid. It is not disputed the magistrate knew the officer received his information from other sources. However, they were not identified and were not then shown to be credible.

The trial court held the warrant was invalid but went on to hold the seizure was nevertheless legal. The State rightly does not seriously argue the warrant's validity. The State seeks rather to circumvent the problem by arguments explained in later divisions. Before reaching those arguments we should state we agree the warrant was invalid.

The warrant was based solely on the affidavit and sworn testimony of one officer. He had no personal knowledge of the removal of the goods from the owner and did not see any of them taken into defendant's restaurant. Under a growing list of cases the requirements for issuance of a valid

search warrant under § 751.4, The Code, have become well settled. We have said:

" \* \* \* [I]f the basis for issuance of the warrant is supplied wholly or in part by an informant, the magistrate shall likewise endorse on the application \* \* \* an abstract of the factual showing made, under oath or affirmation, upon which the magistrate determined reliability of the informant." *State v. Spier*, 173 N.W.2d 854, 862 (Iowa 1970). See also *State v. Boer*, 224 N.W.2d 217, 219–220 (Iowa 1974); *State v. Drake*, 224 N.W.2d 476, 478 (Iowa 1974); *State v. Valde*, 225 N.W.2d 313, 315–316 (Iowa 1975); I Wharton's Criminal Procedure, Twelfth Ed., § 160, pages 337–339.

II. The State attempts on appeal to justify the trial court's order overruling defendant's motion to suppress by challenging defendant's standing to complain the search was illegal. In attacking defendant's standing the State relies upon our opinion in *State v. Osborn*, 200 N.W.2d 798, 803–805 (Iowa 1972) and upon *Simmons v. United States*, 390 U.S. 377, 390, 88 S.Ct. 967, 974, 19 L.Ed.2d 1247, 1256 (1968). Specifically the State points to the following language in *Osborn* at page 804:

"Invasion of privacy may be claimed by that person who is charged with an offense of possession; or who has a proprietary or possessory interest in the property seized; or who is legitimately on the premises when the search occurs. Standing proceeds from any of the above."

■ The State correctly contends possession is not an essential element of the offense with which defendant was here charged. *State v. Conklin*, 153 Iowa 216, 133 N.W. 119 (1911). In common with the defendant in *Osborn* the defendant in the instant case can scarcely claim a proprietary or possessory interest in the items seized.

■ In asserting defendant cannot claim to be legitimately on the premises (the third and last basis for a claim of invasion of privacy) the State points only to the search

of Randy's automobile. The State ignores several factors which bear on the question. Randy's car was in close proximity to, and could be described as parked "at" defendant's restaurant. Defendant was at the rear of Randy's car when the trunk lid was opened and defendant himself is said to have reached in and lifted material from the trunk. Defendant is said to have carried it into his restaurant where the State claims it was when seized. Taking these matters together, and in view of the father-son relationship between defendant and Randy, we believe it appears defendant's standing arises from the third basis mentioned in *Osborn*. The materials were at defendant's restaurant and were seized while being transferred from the car to the restaurant. Defendant was legitimately on the premises where the items were seized.

The State's claim defendant lacks standing to challenge the seizure is without merit.

■ III. We turn to the trial court's basis for overruling the motion to suppress. It held the seizure was reasonable as a warrantless search. We have said "[w]hile the fourth amendment prohibits only unreasonable searches and seizures, warrantless searches and seizures are *per se* unreasonable unless they come within a few 'jealously and carefully drawn' exceptions. The burden is upon those seeking to apply the exceptions to prove their applicability." *State v. Davis*, 228 N.W.2d 67, 70 (Iowa 1975) quoting *State v. Ahern*, 227 N.W.2d 164, 165 (Iowa 1975).

We have described the jealously and carefully drawn exceptions: "No warrant is necessary when the search and seizure, within prescribed limits are incident to a lawful arrest; the warrant requirement may be waived by an informed and voluntary consent; and, third, existence of exigent circumstances may relieve an officer from the obligation to obtain a warrant if it is impracticable to do so." *State v. Shea*, 218 N.W.2d 610, 613 (Iowa 1974) quoting from *State v. Jackson*, 210 N.W.2d 537, 539 (Iowa 1973).

In seeking to uphold the trial court ruling under the third exception the State cites *State v. King*, 191 N.W.2d 650, 655 (Iowa 1971) in which we held: " * * * An officer may search an automobile if he has reasonable or probable cause for believing it contains items which offend against the law. * * *."

The State claims the mobility of the car provided exigent circumstances even where immobilized. We believe however there were no exigent circumstances justifying seizure in the case before us. The police obtained the car keys from Randy, stayed with defendant and Randy at all times, and actually had sufficient time to obtain the invalid warrant. The obtaining of the invalid warrant belies and negatives any rational claim of exigent circumstances.

Because the search warrant was invalid defendant's conviction must be reversed.

■ IV. The foregoing is dispositive of this appeal. However another assignment should be discussed briefly on the chance the question might recur upon a retrial. The items seized consisted of meat and other food and cooking products. They were not introduced into evidence. The State offered exhibits in the form of photographs purporting to show them. Defendant contends these photographic exhibits should have been excluded under the best evidence rule. He insists the State was required to introduce the food items themselves or to explain their absence.

The State is right in arguing the best evidence rule is inapplicable. In *Schiltz v. Cullen-Schiltz & Assoc., Inc.*, 228 N.W.2d 10, 19–20 (Iowa 1975) we pointed out the "[r]ule of best evidence obtainable is expressly, if not solely, applicable to documentary evidence, *Daniels v. Bloomquist*, 258 Iowa 301, 312, 138 N.W.2d 868, 875, and has no application where the fact to be proved is independent of any writing even though the fact has been reduced to a writing or is evidenced by a writing. 2 Jones on Evidence (Sixth Ed., Gard), section 7:4. See also 4 Wigmore on Evidence (Chadbourn

Rev.), section 1174." Defendant's objection on the ground of the best evidence rule was properly overruled. This assignment is without merit.

Defendant also complains State witnesses should not have been allowed to testify the boxes seized from Randy's car trunk had words printed on them identifying the restaurant from which they had been taken. When this testimony was offered at trial defense counsel again objected on the basis of the best evidence rule. Again the objection was without merit. The question was answered in *Schiltz v. Cullen-Schiltz & Assoc., Inc.*, supra, at page 20:

"The rule excludes testimony designed to establish the terms of a document, and requires the document's production instead, but does not exclude testimony which concerns the document without aiming to establish its terms. *U. S. Homes, Inc. v. Yates*, 174 N.W.2d 402, 404 (Iowa 1970)."

Neither the photos nor the actual goods were required for the State's case because " * * * [t]estimony concerning them, independent of the actual items or goods, is sufficient." *State v. Davis*, 229 N.W.2d 249, 251 (Iowa 1975).

V. Other contentions of the defendant are not likely to recur upon retrial. They have been examined and found to be without merit.

For the reasons herein before stated the case must be and is hereby

Reversed and remanded.