# IN THE COURT OF APPEALS OF IOWA

No. 13-1818
Filed March 12, 2014

**IN THE INTEREST OF C.R. AND J.R.,**
**Minor Children,**

**K.R., Mother,**
**Appellant,**

**J.R., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Madison County, Kevin A. Parker, District Associate Judge.

A mother and father separately appeal from the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant mother.

Todd A. Miler, West Des Moines, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Julie A. Forsyth, County Attorney, for appellee State.

Erica Parkey, Des Moines, attorney and guardian ad litem for minor children.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**POTTERFIELD, P.J.**

A mother and father separately appeal from the termination of their parental rights. They both argue clear and convincing evidence does not support termination and the district court should have applied the statutory factors to decline termination of their rights. We affirm, finding clear and convincing evidence supports termination as to both parents, termination is in the children's best interests, and our permissive statutory factors should not be applied to decline termination of the parents' rights.

### I. Facts and Proceedings.

The department of human services (DHS) has been involved with this family in some capacity since 2005.[1] The ongoing concern with the family is the parents' use of methamphetamine. C.R. and J.R. were adjudicated children in need of assistance (CINA) in September 2008, after being removed from the home the previous July. At that time, the mother and father were leaving the two children unannounced with relatives for days at a time, consuming methamphetamine in the children's presence, and living with the children in hotel rooms. Over the next several years, the family participated in services provided by DHS; the father participated in the drug court program. Both parents provided several clean drug tests during this time. The children were returned to their mother's care in August 2009. The father completed residential drug treatment and returned to live with the mother in September 2010. Several CINA review

---

[1] J.R. and three older siblings were previously adjudicated CINA in 2005 and removed from the parental home from April to August of 2005, and from February 2006 to May 2007, CINA adjudication closed on January 24, 2008.

hearings were conducted during this time; each time the court confirmed the adjudication, finding the court's involvement was still required.

In the spring of 2011, the mother left the children with the father and moved to California. She had minimal contact with the children after this point in time. In April 2013, the father self-reported a drug relapse after he was in a car accident and charged with operating while intoxicated and third-offense possession of a controlled substance. Several reports of child abuse were also made during this time involving the father's neglect of the children. The court granted an emergency removal and confirmed the children's removal after a hearing May 9, 2013, due to the methamphetamine charge against the father and several reports that the father was not supervising the children.

A review hearing was held July 18, 2013. The court continued the removal and set a date for a waiver of reasonable efforts hearing. The State filed a petition to terminate the parental rights of the mother and father on July 29. A hearing was held on this petition the following month. The court terminated both parents' rights as to the two children. Both the mother and father appeal.

## II. Analysis.

We review termination-of-parental-rights proceedings de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

### A. *Clear and convincing evidence as to the mother.*

The district court found grounds for termination of the mother's rights under both Iowa Code section 232.116(1)(b) (2013) and section 232.116(1)(d). We need only find grounds for termination exist as to one section to affirm. *In re*

*A.S.,* 743 N.W.2d 865, 867 (Iowa Ct. App. 2007). Iowa Code section 232.116(1)(d) reads grounds for termination exist if:

> The court finds that both of the following have occurred:
> (1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
> (2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

The mother argues she is prepared to care for the children right away, however, since her move in 2011, she has not participated in a DHS case plan or family services and the district court found her current paramour also has a history of drug abuse. The 2008 adjudication was based on drug use and neglect; we agree with the district court that mother's current condition constitutes clear and convincing evidence that the circumstances continue to exist despite the offer of services.

*B. Best interests and permissive factors as to the mother*.

The mother next argues the court should decline to terminate her rights under Iowa Code sections 232.116(2) because termination is not in the best interests of the children. These children have effectively never known life without DHS involvement. They were removed from their parents' care, placed in foster care, returned, and removed again. The mother has not lived with the children for almost three years. Termination is in the children's best interests.

Likewise, the mother argues Iowa Code section 232.116(3) weighs against termination of her rights. She cites her motherly bond with the children.

Again, we note the mother left the children almost three years ago and has not had meaningful, in-person contact since. We find no need to apply this section to save her rights from termination.

   *C. Clear and convincing evidence as to the father.*

   The district court terminated the father's rights under Iowa Code sections 232.116(*l*) and (d). We need only find grounds under one of these sections to affirm. *A.S.*, 743 N.W.2d at 867. Again, we find clear and convincing evidence supports termination under section 232.116(d). Both children were adjudicated CINA in 2008 as a result of the father's drug abuse and resulting neglect of the children. Subsequent to the adjudication, the father was offered and received services over a period of years to correct his drug abuse. Despite these efforts, he was arrested and is set to be sentenced for operating while intoxicated and possession of a controlled substance as a result of his use of methamphetamine. The court gave the father credit for attempting to correct this behavior once he was notified of the termination proceedings. However, the father's relapse and removal of the children present the identical concerns leading to the CINA adjudication in 2008. We find clear and convincing evidence supports termination of the father's rights under this section.

   *D. Best interests and permissive factors as to the father.*

   The father next argues our permissive factors should be applied to save his rights from termination. He argues termination is not in the children's best interests and his bond with the children means termination would be detrimental, though the children have spent almost their entire lives adjudicated CINA, were removed and placed back with their parents twice during the latest adjudication,

and the father has been alternatingly present and absent from their lives due to drug treatment. These children need and deserve stability. Any bond he has with the children does not outweigh this need. It is in the children's best interest for the father's rights to be terminated.

**AFFIRMED ON BOTH APPEALS.**