**IN THE COURT OF APPEALS OF IOWA**

No. 14-1692
Filed January 28, 2015

**IN THE INTEREST OF F.K.,**
**Minor Child,**

**W.K., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Clinton County, Christine Dalton, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Jennifer Olsen, Davenport, for appellant father.

Thomas J. Miller, Attorney General, Kathryn K. Lang, Assistant Attorney General, Mike Wolf, County Attorney, and Cheryl Newport, Assistant County Attorney, for appellee State.

John Zimmerman, Clinton, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

A father appeals the termination of his parental rights to his daughter, born in 2011.  He raises several arguments premised on his inability to visit his daughter in light of an extension of a criminal no-contact order.

## I.  Background Facts and Proceedings

The facts are essentially undisputed.  The father pled guilty to domestic abuse assault with a weapon after dragging his girlfriend and wielding a knife while his infant daughter was in her arms.  The child was seven months old when the district court sentenced the father to prison.  The court separately issued a sentencing no-contact order, naming the father's girlfriend and their daughter as protected persons.  The no-contact order was slated to expire in two years.

Shortly before the no-contact expired, the district court extended it through April 18, 2019.  By this time, the father was out of prison and living with friends.

Meanwhile, the State initiated the second of two child-in-need-of-assistance (CINA) proceedings.  The child, who was voluntarily placed in foster care in connection with the first proceeding and was later reunified with her mother, returned to foster care.

The father engaged in services other than visitation through the Iowa Department of Human Services.  His attendance was inconsistent.

The case proceeded to termination.  The juvenile court terminated the father's parental rights pursuant to several statutory provisions.

On appeal, the father does not challenge the grounds for termination.  Instead, he contends: (1) termination was not in the child's best interests, (2) the department did not satisfy its mandate to make reasonable efforts toward

reunification because it never afforded him visits with the child, (3) the district court issued the no-contact order without the benefit of a juvenile court order granting concurrent jurisdiction, and (4) his attorney was ineffective in failing to insist on visits with the child.[1] We will address all four interrelated arguments together.

## II. Analysis

Termination must be in the child's best interests. Iowa Code § 232.116(2) (2013); *In re A.S.*, 743 N.W.2d 865, 867 (Iowa Ct. App. 2007). On our de novo review, we are persuaded this requirement was satisfied. As the juvenile court stated, the child did not know her father. Her last experience with him was as an infant witnessing an assault on her mother. Although the father participated in individual therapy to identify and address the triggers causing stress, anger, and anxiety—and he made progress towards his goals—he was not in a position to parent his child safely.

We recognize the father was unable to test his progress towards reunification because of the no-contact order. However, the mother had every right to seek an extension of the order and the criminal court had every right to extend it. *See* Iowa Code § 664A.8 (authorizing State or victim to file application for extension of no-contact order).

The department was obligated to follow the order. *See* Iowa Code § 664A.3(4) (stating an order "requiring the defendant to have no contact with the alleged victim's children shall prevail over any existing order which may be in conflict with the no-contact order."). Accordingly, the department did not violate

---

[1] The father was represented by another attorney during the CINA proceedings.

its reasonable efforts mandate by declining to facilitate visits between father and child. *See* Iowa Code § 232.102(7) (requiring department to exercise reasonable efforts toward reunification); *In re C.B.*, 611 N.W.2d 489, 493–94 (Iowa 2000).

Nor was a juvenile court order granting the district court concurrent jurisdiction required as a prerequisite to the district court's extension of the no-contact order. While a party to a juvenile court action must obtain permission to concurrently litigate "custody, guardianship, or placement of a child," no mention is made of criminal proceedings. *See* Iowa Code § 232.3(1). The no-contact order was issued in a criminal proceeding. *See* Iowa Code § 664A.1(1).

Because the sentencing no-contact order was appropriately extended, the father's attorney in the juvenile proceeding did not breach an essential duty in failing to object to the absence of visits. *See In re A.C.*, 852 N.W.2d 515, 520–21 (Iowa Ct. App. 2014) (setting forth test for ineffective assistance in termination cases).

We affirm the termination of the father's parental rights to his child, born in 2011.

**AFFIRMED.**