# IN THE COURT OF APPEALS OF IOWA

No. 22-0683
Filed June 29, 2022

**IN THE INTEREST OF S.D.,**
**Minor Child,**

**M.D., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Osceola County, Shawna L. Ditsworth, District Associate Judge.

A father appeals the adjudication of his child as in need of assistance. **AFFIRMED.**

Kevin J. Huyser of Rensink, Pluim, Vogel & Huyser, Orange City, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Shannon Lee Sandy of Sandy Law Firm P.C., Spirit Lake, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**BADDING, Judge.**

Resting his appeal on evidentiary grounds, a father challenges the adjudication of his child, born in 2008, as in need of assistance under Iowa Code section 232.2(6)(d) (2021).[1]  He argues the court abused its discretion in allowing a social worker's testimony about the child's statements describing the father's sexual abuse and admitting into evidence a written summary and video recording of a forensic interview.  We affirm.

## I.      Background Facts and Proceedings

In November 2021, the Iowa Department of Human Services received a report that the father had been sexually abusing the child.  A social worker interviewed the child and arranged for a forensic interview, which was recorded.  Law enforcement took the child into protective custody, and she was placed into foster care.  Meanwhile, the State sought and obtained an order for temporary removal.  The child was returned to the mother's custody in December after the parties agreed the father would not reside in the family home.

A hearing on the State's child-in-need-of-assistance petition was held in March 2022.  At the beginning of the hearing, the State offered as evidence a recording of the child's forensic interview and a summary of the interview prepared by the child advocacy center.  The father objected to both exhibits on hearsay,

---

[1] This appeal is taken after the juvenile court's dispositional order.  *See In re Long*, 313 N.W.2d 473, 477 (Iowa 1981) (concluding a pre-dispositional order for adjudication is not a final order appealable as a matter of right).  The child was also adjudicated under Iowa Code section 232.2(6)(c)(2), which the father does not appeal.  Because the "grounds for . . . adjudication do matter," we must nevertheless examine the ground challenged by the father.  *See In re J.S.*, 846 N.W.2d 36, 40–41 (Iowa 2014).

foundation, and best-evidence grounds. The court admitted the exhibits subject to the father's objections.[2] The social worker who investigated the initial report of abuse was the only witness who testified at trial. Over the father's hearsay objections, the court allowed the worker to testify about the child's statements concerning abuse.

The court ultimately adjudicated the child as in need of assistance under Iowa Code section 232.2(6)(c)(2) and (d). The father appeals adjudication under the latter ground.

## II.    Standard of Review

We normally review child-in-need-of-assistance proceedings de novo. *In re D.M.*, 965 N.W.2d 475, 479 (Iowa 2021). However, "we review evidentiary rulings for an abuse of discretion." *In re N.N.*, 692 N.W.2d 51, 54 (Iowa Ct. App. 2004). An abuse of discretion occurs when a decision is clearly unreasonable, is not supported by substantial evidence, or is the result of an erroneous application of the law. *In re E.H.*, 578 N.W.2d 578 N.W.2d 243, 246 (Iowa 1998).

## III.    Analysis

The father claims the court abused its discretion in admitting the exhibits and testimony he objected to at the adjudication hearing, specifically the video recording of the forensic interview, the written summary of the interview, and the social worker's testimony concerning the child's statements about abuse.

---

[2] As to hearsay, the court noted the exhibits fell within the hearsay exception in Iowa Code section 232.96(6). Specifically, the court found the exhibits "are relevant and material" and their "probative value substantially outweigh[s] the danger of unfair prejudice to the child's parent."

We begin with the father's challenge to the admissibility of the video recording and written summary of the child's forensic interview. Except as otherwise provided in section 232.96, "[o]nly evidence which is admissible under the rules of evidence applicable to the trial of civil cases shall be admitted" at an adjudication hearing. Iowa Code § 232.96(3). The father appears to agree the challenged exhibits satisfied the requirements of the exception in section 232.96(6).[3] Instead of renewing his hearsay challenge on appeal, he points out that he also objected on foundation grounds and argues "the State did not call any witness to provide the proper foundation . . . of these exhibits."[4]

Even with the statutory changes to chapter 232 over the years, our supreme court has continued to adhere to its position "that juvenile proceedings are in

---

[3] The hearsay exception in 232.96(6) provides:
> A report, study, record, or other writing or an audiotape or videotape recording made by the department of human services, a juvenile court officer, a peace officer or a hospital relating to a child in a proceeding under this subchapter is admissible notwithstanding any objection to hearsay statements contained in it provided it is relevant and material and provided its probative value substantially outweighs the danger of unfair prejudice to the child's parent, guardian, or custodian. The circumstances of the making of the report, study, record or other writing or an audiotape or videotape recording, including the maker's lack of personal knowledge, may be proved to affect its weight.

[4] The father also notes he objected on "best evidence" grounds. However, he does not forward a substantive argument on that issue on appeal. In any event, his objection was based on the fact the child could testify at the hearing, which he asserted would be the best evidence of the abuse allegations. But the best evidence rule requires provision of original writings, recordings, or photographs unless otherwise provided by rule or statute. *See* Iowa R. Evid. 5.1002. It does not require testimony to be provided instead of documentary evidence. *See State v. Schlenker*, 234 N.W.2d 142, 145 (Iowa 1975) (noting the best evidence rule "is expressly, if not solely, applicable to documentary evidence and has no application where the fact to be proved is independent of any writing even though the fact has been reduced to writing or is evidenced by a writing" (citations omitted)); *accord Long*, 313 N.W.2d at 477–78.

equity." *In re A.K.*, 825 N.W.2d 46, 50 (Iowa 2013). In equitable proceedings, "the district court need not rule on objections, but should hear all the evidence subject to objections," as the juvenile court did here. *See In re N.B.*, No. 07-1532, 2007 WL 3378058, at *3 (Iowa Ct. App. Nov. 15, 2007); *accord Hughes A. Bagley, Inc. v. Bagley*, 463 N.W.2d 423, 426 (Iowa Ct. App. 1990). "Thus, Iowa's juvenile courts are generally 'allowed to make use of hearsay and other evidence that would normally be excluded in our district courts.'" *In re B.H.*, No. 17-1190, 2017 WL 4842627, at *4 (Iowa Ct. App. Oct. 25, 2017) (quoting *In re A.M.*, 856 N.W.2d 365, 373 (Iowa 2014)). "This exception makes sense, since chapter 232 is to be construed liberally to 'best serve the child's welfare.'" *Id.* (quoting Iowa Code § 232.1).

That being said, we have recognized that evidence must be properly identified and authenticated in juvenile proceedings. *See In re A.C.*, No. 13-1045, 2013 WL 5962918, at *2 (Iowa Ct. App. Nov. 6, 2013); *In re H.V.*, No. 20-0934, 2020 WL 6157826, at *5 (Iowa Ct. App. Oct. 21, 2020). *But see In re H.R.K.*, 433 N.W.2d 46, 48 (Iowa Ct. App. 1988) ("[E]vidence, which under ordinary rules of evidence applicable to a civil trial would be excluded as hearsay, lacking a proper foundation, improper evidence, or not the best evidence is admissible in [adjudication] proceedings and the nature of the evidence is to be considered as it affects its probative value rather than its admissibility."). "[T]he requirement of authenticating or identifying an item of evidence" is satisfied when "the proponent . . . produce[s] evidence sufficient to support a finding that the item is what the proponent claims it is." Iowa R. Evid. 5.901(a). One example "of evidence that

satisfies the requirement" is testimony of a witness with knowledge "that an item is what it is claimed to be." Iowa R. Evid. 5.901(b)(1). We have that here.

The social worker testified she set up the forensic interview, she observed the interview when it occurred, and the interview was recorded and followed up with a written report. The worker also provided testimony "describing [the] process or system and showing that it produces an accurate result." *See* Iowa R. Evid. 5.901(b)(9). As to the process for the video and report, she explained:

> When Child Advocacy interviews take place, the interview itself is broadcasted, just over a television, so that if there's law enforcement present, the Department present, we can watch the interview as it takes place. There is a method in which the interviewer herself wears like an earpiece, and then if there are additional concerns, questions, clarification needed, then we can communicate in with the interviewer, so that way it doesn't disrupt anything. And then those videos, or the—the recording is then provided to law enforcement for future or, kind of as we are today, a report is provided and then we have a copy of the video as well.

At the end of the day, "juvenile proceedings should be conducted in an informal manner," *In re A.S.*, 743 N.W.2d 865, 868 (Iowa Ct. App. 2007), and "[t]he authentication burden is not high, it need only allow a reasonable [factfinder] to find the evidence is authentic." *State v. Groat*, No. 19-1809, 2021 WL 1016593, at *5 (Iowa Ct. App. Mar. 17, 2021). On our review, we conclude the social worker provided testimony "sufficient to support a finding that the [exhibits are] what the proponent claims [they are]." Iowa R. Evid. 5.901(a). We accordingly reject the father's challenge to the court's admission of these exhibits.[5]

---

[5] We acknowledge the exhibits were allowed in before the foundation was laid. But because the foundation was ultimately laid, the father suffered no prejudice. *See* Iowa R. Evid. 5.103(a) (noting relief on evidentiary error is only appropriate when "the error affects a substantial right of the party"); *see also In K.T.*, No. 07-2135,

Turning to the social worker's testimony about the child's statements, the father argues the hearsay statements were not admissible under section 232.96(6) because that provision only excepts hearsay statements contained in "[a] report, study, record, or other writing or an audiotape or videotape record." Assuming without deciding the testimony was inadmissible hearsay, the testimony was cumulative of the other evidence presented and therefore not prejudicial. *See State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998).

## IV.    Conclusion

Having rejected the father's evidentiary challenges, we affirm the juvenile court's order for adjudication.

**AFFIRMED.**

---

at \*3 (Iowa Ct. App. Feb. 13, 2008) (finding no reversible error where the party challenging the admission of evidence suffered no prejudice).

We also acknowledge our prior decision addressing a termination proceeding where the State's case rested entirely upon exhibits unsupported by *any* testimony laying foundation for the authenticity or identification of those exhibits. *See H.V.*, 2020 WL 6157826, at \*1–3. Over a dissent, we reversed because we harbored "substantial doubts about the State's proof" due to the complete lack of foundation. *Id.* at \*6. But, in *H.V.*, several concerns were in play that are not present here: (1) the State was not the proponent of *any* testimony supporting authenticity, (2) this failure shifted the burden of proof to the mother, and (3) some of the exhibits were stale by the time the termination hearing ended. *See id.* at \*5–6. And, as we already concluded, the State provided sufficient foundation for the exhibits challenged in this appeal.